UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>  v.                          Plaintiff,   )<br>                                                          )<br> TAVON TARRELL TIMBERLAKE, )<br>                                                          )<br>                                   Defendant. ) | CRIMINAL NO. 25-CR-232 (DSD/SGE)<br><br>**DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

Defendant, Tavon Tarrell Timberlake, by and though his attorney, Kevin W. DeVore, respectfully moves this Court for an order dismissing the indictment for violation of the defendant's right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

## Factual Basis

Defendant was indicted on a felon in possession of a firearm charge on June 10, 2025. (ECF #1). On July 22, 2025, Defendant filed a letter indicating that no pretrial motions would be filed and no hearing would be necessary. (ECF #17). On July 23, 2025, the parties informed Magistrate Judge Cowen Wright of the same, and agreed that the case should be set for trial. Pursuant to the Court's Case Management Order (ECF #11), the trial was set for August 25, 2025.

On August 15, 2025, the government filed a motion to continue the trial date and to exclude time for at least 60 days. (ECF #19). In its motion the government cited that it was already in trial on a few other matters and that it needed time to organize the evidence in the Timberlake matter to get it prepared for trial. The Court never ruled on

1

the government's motion, and to this date no trial date has been set by the Court. All the while, Defendant has remained in custody. As of January 9, 2026, Defendant has been in custody on this federal charge a total of 199 non-excluded days.

## Legal Analysis

Defendant respectfully requests this Court to dismiss the indictment based on a clear violation of Defendant's right to have a speedy trial. The Speedy Trial Act requires that the indictment "shall be dismissed on the motion of a defendant" if the defendant "is not brought to trial within the time limits required by § 3161(c)." 18 U.S.C. § 3162(a)(2). Section 3161(c)(1) requires that the trial of a defendant who that has plead not guilty to be held within 70 days of the defendant's initial appearance. *Id.*

The defendant bears the burden of showing that his right to a speedy trial has been violated. *United State v. Lightfoot*, 483 F.3d 876, 887 (8th Cir. 2007). Here, Defendant Timberlake has been in custody since June 10, 2025. During that time there were 14 days that were excluded from the 70-day calculation based on Defendant's motion for a two-week delay to review evidence. (ECF #16). This means that defendant has been in custody 199 days (213 total days, minus 14 days) as of January 9, 2025.

## Request for Relief

Based on the delay described herein and the resulting violation of his Speedy Trial rights, Defendant Tavon Tarrell Timberlake respectfully requests the Court to dismiss the indictment in this matter.

Respectfully submitted,

DEVORE LAW OFFICE, P.A.

Dated: January 9, 2026

*s/Kevin W. DeVore*
Kevin W. DeVore, #267302
*Attorney for Tavon Tarrell Timberlake*
724 Bielenberg Drive, Suite 110
Woodbury, MN  55125
(651) 435-6500