UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-232 (DSD/SGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT (ECF NO. 22)** |
| v. | |
| TAVON TERRELL TIMBERLAKE, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys Daniel N. Rosen, United States Attorney, and William C. Mattessich, Assistant United States Attorney, submits this response in opposition to the defendant's Motion to Dismiss the Indictment, (ECF No. 22). The Speedy Trial clock has been tolled since August 15, 2025, due to the government's pending motion. In any event, the interests of justice require that the Court grant a continuance of trial since that motion was filed. The defendant's motion should be denied.

## FACTUAL BACKGROUND

The defendant was indicted on June 10, 2025. (ECF No. 1). He was arraigned on June 13, 2025. (ECF No. 5.) He was indicted while still detained on supervised release in two cases: Criminal Nos. 19-148 (NEB/KMM) and 22-364 (NEB/ECW.) Immediately following the indictment, both of those supervised release hearings were canceled. (*See* Crim. No. 22-364 (NEB/KMM)

1

at ECF No. 88; Crim. No. 19-148 (NEB/KMM) at ECF No. 100). After the defendant was indicted, the Court filed a Case Management Order that set a jury trial for August 25, 2025, before Judge Doty. (ECF No. 11.) On July 7, 2025, the defendant filed a motion seeking a 14-day continuance for motions and seeking to exclude time until July 21, 2025. (ECF No. 13.) The motion was granted. (ECF No. 16.) On July 22, 2025, the defendant filed a letter stating that he would not be filing motions. (ECF No. 17.) The Court terminated the motions filing date.

On August 15, 2025, the government filed a motion to continue the August 25 trial and seeking to exclude time until the trial date. (ECF No. 19.) The government asked to exclude time until "a future date convenient to the parties and the Court, and consistent with the ends of justice." (*Id.* at 2.) As cause, the government noted that both counsel were recently in trial, making trial preparation difficult. (*Id.*) The government also noted the trial schedule of government's counsel and the volume of evidence that would be presented at Mr. Timberlake's trial. (*Id.* at 3.) The government asked for time to be excluded under the Speedy Trial Act for "at least 60 days from the filing of this motion, or the placement of a trial date on the calendar, whichever is later." (*Id.* at 4.) The motion remains pending. The case has not been set for trial.

On January 9, 2026, the defendant filed a Motion to Dismiss the Indictment. (ECF No. 22.) As grounds for the motion, the defendant stated that

only 14 days had been excluded from the Speedy Trial calculation since his indictment. (ECF No. 22, at 2.) on January 15, 2026, the government filed a motion for extension of time to reply. (ECF No. 24.) During that time, counsel for the government unexpectedly took parental leave early due to a medical emergency. (*Id.* at 1.) Due to the nature of that leave and other issues relating to staffing turnover at the United States Attorney's Office, counsel for the government were unable to confer in order to prepare a response to the motion. (*See* ECF No. 27.)[1]

## APPLICABLE LAW

### A. Speedy Trial Act

The Speedy Trial Act ("the Act") provides that trial of a defendant must "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides, however, that the running of the 70-day speedy trial "clock" is tolled (or stopped) by the occurrence of certain events or circumstances set forth in the statute, and days that pass while the clock is tolled are excluded from the 70-day calculation. 18 U.S.C. § 3161(h); *accord United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir.

---

[1] The government apologizes to the Court for the oversight. The government is endeavoring to respect the Court's calendar and abide by the Court's schedule.

3

2007). "After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." *Aldaco*, 477 F.3d at 1016-17. It is the defendant, however, not the government, that bears "the burden of proof to show that his statutory right to a speedy trial has been violated" by showing "that more than 70 non excludable days have passed from the date the clock began to run." *United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009).

Of the statutory events that stop the clock, there are two that are most relevant here: 18 U.S.C. § 3161 (h)(1)(D) and (h)(7)(A). Pursuant to § 3161(h)(1)(D), the Act excludes any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." The Act is clear that this exclusion applies to *any* motion filed—whether frivolous or meritorious, whether filed *pro se* or by counsel. *Williams*, 557 F.3d at 951-52. For motions that require a hearing, the Act excludes the period "from the filing of the motion through the conclusion of the hearing whether that hearing was prompt or not." *Id.* at 952 (quoting *Henderson v. United States*, 476 U.S. 321, 326 (1986)) (alterations omitted). The "[e]xclusion of pre trial motion delay is automatic, and the time during which a motion is pending is excludable even if the pendency of the motion is not the cause of the delay." *Id.* (internal citations and quotations omitted). "After the hearing is over, the district court might require

4

supplemental filings from the parties in order to properly resolve the motion" and "[t]he time during which the district court is awaiting these filings is excluded." *Id.* For motions that do not require a hearing, the Act excludes a period of 30 days from the time a motion is actually under advisement. *Williams*, 557 F.3d at 952; 18 U.S.C. § 3161(h)(1)(H). "A motion 'is actually under advisement' when the court receives all the papers it reasonably expects." *Williams*, 557 F.3d at 952 (internal quotations and citations omitted).

### B. Sixth Amendment Right to Speedy Trial

Although "Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another," *United States v. Shepard*, 462 F.3d 847, 863 (8th Cir. 2006), the Eighth Circuit has long held that "it would be 'unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" *United States v. Porchay*, 651 F.3d 930, 940 (8th Cir. 2011) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)); accord *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003) (noting that "[i]t is rare when the Sixth Amendment has been violated, but the Speedy Trial Act has not."). "The Sixth Amendment right 'attaches at the time of arrest or indictment, whichever comes first, and continues until trial commences.'" *Shepard*, 462 F.3d at 864 (quoting *Perez–Perez*, 337 F.3d at 995). Courts "consider a four-factor ad hoc balancing test when evaluating a Sixth Amendment claim for pretrial delay, considering such factors as: '[1] [l]ength

5

of delay, [2] the reason for the delay, [3] the defendant's assertion of his [speedy trial] right, and [4] prejudice to the defendant.'" *Id.* (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Section 3161(h)(7)(A) excludes "any period of delay resulting from a continuance granted by any judge. . .if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See United States v. Harris-Franklin,* 146 F.4th 631, 638 (2025). "Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance…the Act is ambiguous on precisely when those findings must be set forth in the record of the case." *Zedner v. United States,* 547 U.S. 489, 506-07 (2006). Courts "are not required to make a contemporaneous record of [their] ends-of-justice findings." *United States v. Adejumo,* 772 F.3d 513, 522 (8th Cir. 2014.)

## ARGUMENT

Timberlake does not meet his burden to show a violation of his rights under either the Speedy Trial Act or the Sixth Amendment. First, the Speedy Trial clock has not yet run because it was tolled when the government filed its motion to continue the trial. Second, the ends of justice require that the Court

grant the government's motion to continue the trial and exclude time until the new date.

I. **The Speedy Trial Clock Has Been Tolled Since August 15, 2025**

Timberlake's rights under the Speedy Trial Act have not been violated because the Speedy Trial Clock was tolled when the government filed its motion for continuance on August 15, 2025. Such a motion is a "pending motion" under 18 U.S.C. § 3161(h)(1)(D). The Speedy Trial calculation has been tolled since August 25, 2025. On the defendant's motion, the Court had previously excluded time since that date. (ECF No. 16). Since that date, the government's motion has been pending, and no trial date has yet been set.

Timberlake was arraigned on June 13, 2025. (ECF No. 6). On that date, the 70-day Speedy Trial clock began to run. 18 U.S.C. § 3161(c)(1). On July 7, 2025, the defendant filed a motion for extension of time until July 25, 2025, and sought to exclude that time under the Speedy Trial Act. At that time, 46 days remained on the Speedy Trial Clock. On August 15, 2025, the government filed its motion to continue trial. (ECF No. 19.) 21 more days had elapsed, leaving 25 days remaining on the Speedy Trial Clock.

The motion remains pending. The government's motion indicated no position from the defendant, and the defendant did not file a response to the motion. As a result, the Court has not yet received "all the papers it reasonably

7

expects" related to the motion. *See Williams*, 557 F.3d at 952. As a result, the motion is still pending under § 3161(h)(1)(D), and delay should be excluded.

## II. The Court Should Grant the Government's Motion in the Interests of Justice

Even if the Speedy Trial clock was not tolled by the government's motion, the Speedy Trial Act does not require dismissing the Indictment. Courts "are not required to make a contemporaneous record of [their] ends-of-justice findings." *United States v. Adejumo,* 772 F.3d 513, 522 (8th Cir. 2014.) The Court can and should now grant the government's and exclude the time since the motion was filed.

The interests of justice require that the motion be granted. Among other factors, the Court may consider whether "the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). In this instance, failing to grant the continuance would likely make a continuance of the proceeding impossible. The previous trial date has passed. The Indictment would need to be dismissed unless the government's motion were granted. In addition, the Court may consider whether failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §

8

3161(h)(7)(B)(iv). Here, such a failure would deprive the government of the benefit of counsel. The grounds for the continuance were based, in part, on counsel's availability.

The government a continuance and sought exclusion of time for "60 days from the filing of [the] motion," or "the placement of a trial date on the calendar, whichever is later." (ECF No. 19, at 4). The defendant filed no response. There is no prejudice to the defendant from granting this continuance or allowing this response, because he is still detained on the two supervised release violations previously mentioned.

## CONCLUSION

The defendant's Motion to Dismiss the Indictment (ECF No. 22) should be denied. The government respectfully requests that the Court set this matter for trial as soon as is practicable for the Court and exclude time until then.

Dated: February 5, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ William Mattessich*

BY: WILLIAM C. MATTESSICH
Assistant U.S. Attorney