```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              Criminal No. 25-232(DSD/SGE)
```

United States of America,

       Plaintiff,

v.                                   **ORDER**

Tavon Tarrell Timberlake,

       Defendant.

This matter is before the court upon the motion by defendant Tavon Tarrell Timberlake to dismiss the indictment. For the following reasons, the motion is granted.

On June 10, 2025, a grand jury indicted Timberlake on a charge of felon in possession of a firearm. The court set a trial date of August 25, 2025. On August 15, 2025, the government filed a motion to continue the trial date and to exclude time for at least 60 days. ECF No. 19. The motion remains pending with no new trial date set and no follow-up from the government. On January 9, 2026, Timberlake filed this motion to dismiss the indictment for violating his speedy trial rights. The matter is now fully briefed. The court notes that the government failed to comply with the ordered briefing deadline. <u>See</u> ECF Nos. 23-28. The court will nevertheless consider the government's opposition to the motion given the import of this matter.

Under the Speedy Trial Act, a defendant must be brought to

trial within 70 days of his indictment or arraignment, whichever is later.  18 U.S.C. § 3161(c)(10; United States v. DeGarmo, 450 F.3d 360, 362 (8th Cir. 2006).  Certain periods are excluded from the calculation.  Id.  Relevant here, the clock is stopped by "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H); see Henderson v. United States, 476 U.S. 321, 329 (1986).

Here, under this authority, the pending motion for continuance paused the speedy trial clock by no more than 30 days.  Timberlake has been in custody for 199 days.  Even with 30 days excluded, the time he has awaited trial is well over 70 days.  Under these circumstances, the court must grant the motion to dismiss.  United States v. Koory, 20 F.3d 844, 846 (8th Cir. 1994).

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 22] is granted;

2.   The case is dismissed with prejudice.


Dated: February 23, 2026

s/*Paul A. Magnuson* for
David S. Doty, Judge
United States District Court

2